# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:14CV40-RJC-DSC

| | |
|---|---|
| JERRY MURDOCK, )<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>Commissioner of Social )<br>Security Administration, )<br>        Defendant. )<br>_____) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Judgment on the Pleadings" (document #9) and "Memorandum ... in Support ..." (document #10), both filed September 2, 2014, and Defendant's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed October 29, 2014. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Judgment on the Pleadings be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on July 1, 2014 and the Court's Social Security Briefing Order referenced therein, Plaintiff was entitled to file one response brief on or before November 17, 2014. Plaintiff has not filed a response.

I. **PROCEDURAL HISTORY**

The procedural history is not in dispute. In February 2011, Plaintiff filed an application for a period of disability and Social Security Disability Insurance Benefits ("DIB") alleging that he became disabled on April 30, 2009. (Tr. 285). The application was denied initially and upon reconsideration. (Tr. 216, 221). Plaintiff requested a hearing which was held on April 19, 2013. (Tr. 156).

On June 7, 2013, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 144-54). The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 146). The ALJ also found that Plaintiff suffered from degenerative disc disease ("DDD"), migraines, a history of hepatitis C, high blood pressure, anxiety, and alcohol and opioid dependence in remission, which were severe impairments within the meaning of the regulations (Tr. Id.), but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. Id.). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to "perform medium work as defined in 20 C.F.R. 404.1567(c)[3] except he can only occasionally climb or balance. He should avoid concentrated exposure to hazards and he is limited to simple routine repetitive tasks." (Tr. 147-48). The ALJ found that Plaintiff could not perform his past relevant work as a welder or truck body builder (Tr. 152).

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]Medium work involves occasionally lifting or carrying up to fifty pounds and frequently lifting or carrying up to twenty-five pounds. 20 C.F.R. § 404.1567(c).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, a Vocational Expert ('V.E.") identified jobs (industrial cleaner, hand packager, and dining room attendant) that Plaintiff could perform. The V.E. stated that 18,500 of these jobs existed in North Carolina. (Tr. 153, 181).

Based upon this testimony, the ALJ found that there were a significant number of jobs in the regional and national economy that Plaintiff could perform. (Tr. 153). Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 153-54).

On April 1, 2014, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-4).

Plaintiff filed the present action on January 16, 2014. He assigns error to the ALJ's evaluation of his credibility. See Plaintiff's "Memorandum … in Support ..." at 1, 4-6 (document #10). Plaintiff also alleges that the Appeals Council erred in failing to remand the case after he was diagnosed with stage four liver cancer two months after the ALJ's decision. Id. at 7-8. The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The

District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff argues that the ALJ's assessment of his credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical,

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig, 76 F.3d at 594 (citing 20 C.F.R. § 416.929(b); and § 404.1529(b)); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ is not required to discuss every factor enumerated in 20 C.F.R. §§ 404.1529(c) and 416.929(c). Rather, the decision must contain "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

The record contains evidence of Plaintiff's DDD, migraines, history of hepatitis C, high blood pressure, anxiety, and alcohol and opioid dependence in remission – which could be expected to produce some of the symptoms he claimed. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the

record. That determination is supported by substantial evidence.

The ALJ discussed "inconsistencies in the record [which] diminish[ed] the [Plaintiff's] credibility." (Tr. 150-51). First, the ALJ noted Plaintiff's extended history of anxiety and headaches. However, the record shows that Plaintiff worked in the past despite these symptoms and none of the clinical findings suggested a worsening of these conditions. (Tr. 150; see also 168, 171, 361). The ALJ also noted that while Plaintiff claimed his condition progressively worsened, he sought no medical treatment for nearly eighteen months after his alleged onset date and failed to follow-up with a recommendation that he see a psychiatrist. (149-50, 381, 384, 399). Plaintiff reported lifting seventy to eighty pounds. (Tr. 149, 162, 189, 205, and 381). The ALJ found that the medical record showed that Plaintiff's activities of daily living were more significant than he admitted. (Tr. 150, *o* 162, 189, 406). Plaintiff reported that his memory was poor, but he continued to drive and travel alone, thus demonstrating "an intact memory with no cognitive decline." (Tr. 150, 206, 327, 398). Finally, the ALJ found that Plaintiff continued to smoke daily, was charged with three DUIs and heroin possession in 2009, abused alcohol as recently as 2008 or 2009, and used heroin in 2009. (Tr. 149-151).[5]

Plaintiff also argues that the additional evidence submitted to the Appeals Council related to his diagnosis with liver cancer satisfies the criteria for Listing 13.19. As the Appeals Council properly noted, this evidence related to "a later time. Therefore, it does not affect the decision

---

[5]The record contains contradictory statements by Plaintiff regarding his tobacco usage and substance abuse. See generally, Tr. 138 (alleging sobriety since 2002); Tr. 166 (alleging sobriety since 2004); Tr. 363 (denying history of alcohol abuse); Tr. 384 (admitting social use of alcohol in 2010); Tr. 393 (alleging sobriety since 2008); Tr. 399 (alleging sobriety since 2009); Tr. 408 (alleging no history of alcohol use); Tr. 393 (alleging smoking one-half pack of cigarettes per day); Tr. 398 (alleging smoking four to five cigarettes per day); Tr. 404, 406, 408 (alleging smoking one pack of cigarettes per day). This evidence supports the ALJ's credibility determination.

about whether [Plaintiff] was disabled beginning on or before June 7, 2013." (Tr. 2). See Wilkins v. Dep't of Health & Human Servs., 953 F.2d 93 (4th Cir. 1991) (claimant bears burden to establish that the new evidence is material); see also, Chambers v. Barnhart, 389 F.3d 1139, 1144 ("The [new] evidence indicated at most the mere presence of a condition with no vocationally relevant impact – a patently inadequate basis for a disability claim.")

Plaintiff offers no more than speculation that his cancer diagnosis and impairment related back to his functional limitations during the relevant time period. He offers no medical evidence to connect any later impairment to his functional limitations or capacity to work prior to June 2013. Nothing suggests that Plaintiff's later diagnosis caused him any limitations other than those found by the ALJ in 2009-2013. As a matter of law, diagnosis of an impairment does not alone determine the ultimate issue of disability; "[t]here must be a showing of related functional loss." Steward v. Astrue, 2011 WL 7416386 (E.D.N.C. 2011) (emphasis added) (citing Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986)); see also Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (explaining 1"[t]he mere diagnosis… says nothing about the severity of the condition"); Smith v. Sullivan, 733 F. Supp. 450, 454 (D.D.C. 1990) (citing Gross in holding that a plaintiff's diagnosis of alcoholism is not disabling where the condition did not result in functional loss); Young v. Secretary of HHS, 925 F.2d 146, 151 (6th Cir. 1990) ("a claimant must do more to establish a disabling mental impairment than merely show the presence of a dysthymic disorder."); Kennedy v. Astrue, 247 Fed. Appx. 761, 767 (6th Cir. 2007) ("mere diagnosis of obesity does not establish either the condition's severity or its effect on [the claimant's] functional limitations.")

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and her ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Judgment on the Pleadings" (document #9) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16

(4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: November 19, 2014

David S. Cayer
United States Magistrate Judge